FILED
2022 Mar-11 AM 10:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| ASHLY FONTA COLLINS,          )<br>                                              )<br>         Plaintiff,                     )<br>                                              )<br>      vs.                                 )          7:19-cv-01698-LSC<br>                                              )<br>KILOLO KIJAKAZI,[1]              )<br>Acting Commissioner,            )<br>Social Security Administration, )<br>                                              )<br>         Defendant.                 ) | |

**MEMORANDUM OF OPINION**

**I.   Introduction**

The plaintiff, Ashly Fonta Collins ("Collins"), appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI"). Collins timely pursued and exhausted his administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

On January 17, 2014, Collins was found to be disabled beginning on July 24, 2012, resulting from injuries sustained in an automobile accident. (Tr. 21.) On May

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

12, 2017, in a continuing disability review ("CDR"), Collins was found to no longer be disabled as of May 1, 2017. (Tr. 21.) On reconsideration, a disability hearing officer also found that Collins was no longer disabled as of May 1, 2017. (Tr. 21.) Collins appealed, and after a hearing, an administrative law judge ("ALJ") issued a decision on November 9, 2018, finding Collins was not disabled as of May 1, 2017, and Collins had not become disabled since that date. (Tr. 32.)

Collins was 33 years old at the time of the ALJ's decision. (*See* Tr. 44.) She has a high school education. (Tr. 30, 44.) Collins does not have any relevant past work experience. (Tr. 30.) Collins claims that the ALJ erred in determining that her disability ceased due to medical improvement as of May 1, 2017. (Doc. 10 at 1.)

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for DIB or SSI. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA"). *See id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments. *See id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The decision depends on the medical evidence contained in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported the finding that plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step. *See id.*

§§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of his past relevant work. *See id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the plaintiff's impairment or combination of impairments does not prevent him from performing his past relevant work, the evaluator will make a finding of not disabled. *See id.*

The fifth step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can make an adjustment to other work. *See id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find him not disabled. *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the plaintiff cannot perform other work, the evaluator will find him disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

If the plaintiff is found disabled at any point in the process, a determination must also be made as to whether his disability continues through the date of the decision. In order to show that a plaintiff's disability does not continue through the date of the decision, the evaluator must show that a medical improvement has occurred which is related to the plaintiff's ability to work. *See* 42 U.S.C. § 423(f)(1); 20 C.F.R. § 404.1594(b)(1)-(3). In making this determination, the evaluator must

follow a seven-step process for determining whether disability benefits should be terminated due to medical improvement. Those steps are:

> (i) Step 1. Do you have an impairment or combination of impairments which meets or equals the severity of an impairment listed in appendix 1 of subpart P of part 404 of this chapter? If you do, your disability will be found to continue.
>
> (ii) Step 2. If you do not, has there been medical improvement as defined in paragraph (b)(1)(i) of this section? If there has been medical improvement as shown by a decrease in medical severity, see step 3 in paragraph (b)(5)(iii) of this section. If there has been no decrease in medical severity, there has been no medical improvement. (See step 4 in paragraph (b)(5)(iv) of this section.)
>
> (iii) Step 3. If there has been medical improvement, we must determine whether it is related to your ability to do work in accordance with paragraphs (b)(1)(i) through (b)(1)(iv) of this section; i.e., whether or not there has been an increase in the residual functional capacity based on the impairment(s) that was present at the time of the most recent favorable medical determination. If medical improvement is not related to your ability to do work, see step 4 in paragraph (b)(5)(iv) of this section. If medical improvement is related to your ability to do work, see step 5 in paragraph (b)(5)(v) of this section.
>
> (iv) Step 4. If we found at step 2 in paragraph (b)(5)(ii) of this section that there has been no medical improvement or if we found at step 3 in paragraph (b)(5)(iii) of this section that the medical improvement is not related to your ability to work, we consider whether any of the exceptions in paragraphs (b)(3) and (b)(4) of this section apply. If none of them apply, your disability will be found to continue. If one of the first group of exceptions to medical improvement applies, see step 5 in paragraph (b)(5)(v) of this section. If an exception from the second group of exceptions to medical improvement applies, your disability will be found to have ended. The second group of exceptions to medical improvement may be considered at any point in this process.

(v) Step 5. If medical improvement is shown to be related to your ability to do work or if one of the first group of exceptions to medical improvement applies, we will determine whether all your current impairments in combination are severe (see § 416.921). This determination will consider all your current impairments and the impact of the combination of these impairments on your ability to function. If the residual functional capacity assessment in step 3 in paragraph (b)(5)(iii) of this section shows significant limitation of your ability to do basic work activities, see step 6 in paragraph (b)(5)(vi) of this section. When the evidence shows that all your current impairments in combination do not significantly limit your physical or mental abilities to do basic work activities, these impairments will not be considered severe in nature. If so, you will no longer be considered to be disabled.

(vi) Step 6. If your impairment(s) is severe, we will assess your current ability to do substantial gainful activity in accordance with § 416.960. That is, we will assess your residual functional capacity based on all your current impairments and consider whether you can still do work you have done in the past. If you can do such work, disability will be found to have ended.

(vii) Step 7. If you are not able to do work you have done in the past, we will consider whether you can do other work given the residual functional capacity assessment made under paragraph (b)(5)(vi) of this section and your age, education, and past work experience (see paragraph (b)(5)(viii) of this section for an exception to this rule). If you can, we will find that your disability has ended. If you cannot, we will find that your disability continues.

20 C.F.R. § 416.994(b)(5).

Applying the sequential evaluation process applicable to this case, the ALJ found that Collins did not have an impairment or combination of impairments which meets or equals the severity of impairments listed in 20 C.F.R. Part 4040, Subpart

P, Appendix 1. (Tr. 26.) The ALJ determined that Collins's most recent favorable decision was dated January 17, 2014, which served as the comparison point decision ("CPD"). (Tr. 22.) The ALJ determined that, based on the evidence examined in the CPD, Collins had severe impairments based on her "[s]tatus post motor vehicle accident with fractures to the hip and both legs." (Tr. 22.) However, the ALJ found that as of May 1, 2017, Collins's "[s]tatus post fractures of the bilateral lower extremities, broken left foot and hips, and obesity" were medically determinable impairments, but she did not have "an impairment or combination of impairments which meets or medically equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1," resulting in medical improvement. (Tr. at 22, 26.) Because the prior finding of disability was based on the claimant's impairment(s) meeting or equaling a listed impairment under 1.0 2A of 20 C.F.R. Part 404, Subpart P, Appendix 1, there was no assessment of residual functional capacity (RFC) in the CPD. 20 C.F.R. § 416.994(b)(2)(iv)(A). Under such circumstances, the adjudicator will find that the claimant's medical improvement relates to his or her ability to work if the claimant's impairment(s) no longer meets or equals the same listing. *Id.* The ALJ found that, based on Collins's current medically determinable impairments, Collins had the following RFC:

> [T]o perform a sedentary work as defined in 20 C.F.R. § 416.967(a) except she can occasionally climb ramps and stairs, stoop, and crouch;

but never kneel, crawl, or climb ladders, ropes, or scaffolds. She can have occasional exposure to extremes of cold, as well as vibration, but have no exposure to hazards, such as unprotected heights or dangerous machinery. She would need to alternate between sitting and standing, every 45 minutes for 1-3 minutes, but would remain on task.

(Tr. 23, 26)

The ALJ determined that Collins was a younger individual age 18-44, had at least a high school education, and was able to communicate in English. (Tr. 30.) The ALJ also found that the transferability of job skills was not an issue because Collins did not have any past relevant work. (*Id.*) Because Plaintiff cannot perform the full range of sedentary work, the ALJ enlisted a vocational expert ("VE") and used Medical-Vocational Rules as a guideline for finding that there are jobs in the national economy with a significant number of positions that Plaintiff is capable of performing, such as a general office clerk and order clerk. (Tr. 31.) The ALJ concluded her findings by stating that Plaintiff's "disability ended on May 1, 2017, and the claimant has not become disabled again since that date." (Tr. 32.)

## II.   Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied.  *See Stone*

*v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)).  This Court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner.  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)).  "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if this Court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence.  *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety

to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

### III.  Discussion

Collins alleges that the ALJ's decision should be reversed and remanded for two reasons. First, Collins claims that the ALJ erred as a matter of law in failing to apply the "medical improvement" standard properly. (Doc 10 at 2.) Second, Collins contends that the ALJ's residual functional capacity is not supported by substantial evidence. (*Id.*)

The ALJ conducts a multi-step evaluation to determine whether a claimant's benefits should be terminated. Collins challenges the ALJ's application of step three, which considers whether there has been "medical improvement." 20 C.F.R. §§ 404.1594(f), 416.994(b)(5). Specifically, Collins contends that the ALJ did not sufficiently review and compare the past medical records with the current medical records. (Doc. 10 at 7.)

A finding that there has been a decrease in medical severity "must be based on changes (improvement) in the symptoms, signs, or laboratory findings associated with [the claimant's] impairment(s)...." 20 C.F.R. § 416.994(b)(1)(i); *see also* 20

C.F.R. § 404.1594(b)(1). Whether medical severity has decreased "is determined by a comparison of [evidence relied upon in the CPD] and current medical evidence which must show that there have been changes (improvement) in the symptoms, signs or laboratory findings associated with that impairment(s)." 20 C.F.R. §§ 404.1594(c)(1), 416.994(b)(2)(i); *see also Freeman v. Heckler*, 739 F.2d 565, 566 (11th Cir.1984); *Vaughn v. Heckler*, 727 F.2d 1040, 1043 (11th Cir.1984).

Collins contends that the ALJ only considered "evidence postdating the comparison point decision" and only reviewed that evidence as it applied to the assessment of the RFC. (Doc. 10 at 8.) Collins alleges that the only time the ALJ references Plaintiff's prior medical evidence is in a one-sentence summary of her longitudinal treatment records. (Doc. 10 at 6; Tr. 23.)

The Commissioner disagrees, arguing that even if the ALJ was not as thorough as Plaintiff would like, she satisfied the standard of substantial evidence to support her finding of medical improvement. (Doc. 11 at 11.) The Commissioner also argues that because the prior disability determination was based on Plaintiff's impairments meeting or equaling a listed impairment, her RFC would not have been assessed in that prior decision, and as a result, a determination about whether the Plaintiff's medical improvement related to her work would be based on whether her

impairments no longer meet or equal the listed impairment under 20 C.F.R. § 416.994(b)(2)(iv)(A).

Eleventh Circuit precedent has firmly established that "the Commissioner must compare the medical evidence supporting the most recent final decision holding that the claimant is disabled with new medical evidence." *Gombash v. Comm'r, Soc. Sec. Admin.*, 566 F. App'x 857, 859 (11th Cir. 2014) (citing *McAulay v. Heckler*, 749 F.2d 1500, 1500 (11th Cir. 1985)). "Without a comparison of the old and new evidence, there can be no adequate finding of improvement." *Id.* (citing *Vaughn*, 727 F.2d 1040, 1043 (11th Cir. 1984)). That comparison, moreover, must include more than "specifically referr[ing] to the original medical evidence." *Freeman*, 739 F.2d 565, 566 (11th Cir. 1984). Instead, the ALJ must "actually compare the old and new evidence" without "treat[ing] the case as though it were an original application for benefits." *Id.*

In *Freeman*, the Eleventh Circuit reversed a termination of DIB and SSI, partly due to the ALJ's failure to compare the old and new evidence when making a determination about medical improvement. *Id.* "[T]he ALJ did state that 'claimant no longer continues to suffer from incapacitating and disabling pain to such an extent as to constitute a severe impairment or impairments within the meaning of the Social

Security Act," but the Eleventh Circuit concluded that conclusory statement did not satisfy the requirement to compare the old and new evidence. *Id.*

The instant case includes a similarly bare comparison analysis. The ALJ only referenced the evidence in the CPD a handful of times, most prominently in a listing of the medically determinable impairments at the time of the CPD and a single sentence summarizing Plaintiff's longitudinal treatment records at the beginning of her opinion. (Tr. 22-23.) Aside from these brief references, the earliest medical evidence that the ALJ references in her opinion is dated March 27, 2017. (*Id.*) Plaintiff's CPD was over three years earlier, January 17, 2014. (Tr. 22, 82.) While it appears that the ALJ provides a thorough review of the new evidence, it is obvious that any comparison of the old with the new is absent. Without a comparison, much less a meaningful one, this Court finds that the ALJ erred in her finding of medical improvement in this case, and the case is due to be remanded.

Accordingly, the Commissioner's argument that about whether the Plaintiff's medical improvement related to her work based on her impairments no longer meeting or equaling the prior listing is not relevant in this instance. Without a proper assessment as to whether there was medical improvement in step 3, the question of whether medical improvement relates to the Plaintiff's work cannot be appropriately considered in step 4. *See* 20 C.F.R. § 404.1594(f)(3)-(4). For the same reasons, the

Court sees no reason to consider the second issue Plaintiff raises as to whether the ALJ's residual functional capacity is supported by substantial evidence.

## IV. Conclusion

For the reasons set forth herein, and upon careful consideration of the administrative record and briefs of the parties, the decision of the Commissioner of Social Security denying Plaintiff's claims for SSI is REVERSED and REMANDED for further administrative proceedings consistent with this opinion. A separate closing order will be entered.

**DONE** AND **ORDERED** ON MARCH 11, 2022.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
206728